Elisa G. Massoth, ISB #5647
**MASSOTH & BURROWS**
14 S. Main Street, Suite 200
P. O. Box 1003
Payette, Idaho   83661
Telephone: 208-642-3797
Facsimile: 208-642-3799
emassoth@kmrs.net

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>ANTHONY ALLEN BERNAL,<br><br>                              Defendant. | Case No.  CR-17-0250-S-DCN<br><br>**DEFENDANT'S RESPONSE AND OBJECTION TO GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM** |

The Defendant, Anthony Allen Bernal, through counsel, Elisa G. Massoth of the firm MASSOTH & BURROWS responds and objects to the Government's Supplemental Sentencing Memorandum seeking to improperly increase the guideline range to include two crimes of violence in an illegal possession of a firearm case.

## 1. The Government is in Breach of Plea Agreement

Pursuant to Federal Rule of Criminal Procedure 51(b), Mr. Bernal informs the Court that he objects to the Government's repeated requests to enhance his sentence. The Government is in breach of the plea agreement because it agreed to recommend a sentence <u>within</u> the guideline range.  On page 1, paragraph 2 of the Plea Agreement, it states…"the government will recommend a sentence within the guideline range."   The Government's efforts to seek sentencing

enhancements and secure a sentence of 120 months is in breach of the plea agreement. The Government's actions violate Mr. Bernal's substantial due process rights as its efforts are seeking to "affect the outcome of the district court proceedings". *Puckett v. U.S.*, 129 S.Ct. 1423 (2009) citing <u>United States v. Olano</u>, 507 U.S. 725 (1993). The Government is seeking a sentence above the guideline range and thereby relying on the statutory maximum as the base for which Mr. Bernal should be sentenced.

Should the Court agree with the Government's arguments of enhancement, Mr. Bernal requests the opportunity to withdraw his guilty plea and proceed to a jury trial.

> When the Government breaks a promise that was made to a defendant in the course of securing a guilty plea, the knowing and voluntary character of that plea retroactively vanishes, because (as it turns out) the defendant was not aware of its true consequences. *Puckett* at 1429.

Since guilty pleas must be knowing and voluntary to be valid, Mr. Bernal was induced into a guilty plea without any knowledge that the Government would use his case to wade into uncharted waters and develop case law in the Federal District Court of Idaho. Failure to raise an objection would affect any redress of justice and would make more burdensome the standard of review on appeal. Mr. Bernal does not argue that his plea is void by virtue of the breach. He argues that withdrawal of the plea or rescission of the contract is the proper remedy in such a breach of contract situation, when sentencing has not yet been imposed. *Puckett* at 1430.

2. <u>Idaho's aggravated assault statute §§ 18-901(a) and 18-905(b) are void for vagueness in a sentencing guideline application, pursuant to *Sessions v. Dimaya*, 138 S.Ct., 1204 (2018) and violates Mr. Bernal's Due Process and Eighth Amendment rights.</u>

Idaho Code § 905(b) which says that aggravated assault is an assault "by <u>any means or force likely to produce</u> great bodily harm" (emphasis added) is akin to the federal residual clause". How is this Court to define "any means or force" or "likely to produce"? To determine this answer

**DEFENDANT'S RESPONSE AND OBJECTION TO GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM - 2**

"requires a court to picture the kind of conduct that the crime involves." The result in that application is "more unpredictability and arbitrariness than the Due Process clause tolerates". *Dimaya* at 1215.   Is any means or force limited to physical force? Is it mental force? Is it verbal force?   What does "likely to produce" mean? Might produce? May produce? What conduct satisfies both requirements?   Pursuant to *Dimaya*, a court must not only identify the conduct typically involved in a crime, but also gauge its potential consequences. "Or said a bit differently, evaluate the risk of  [means or force]  which entails considering whether it is [likely to produce great bodily injury]." All the same conduct might or might not satisfy both requirements. *Dimaya* at 1221.  It is vague.  This is not an argument that the sentencing guideline of § 4B1.2(a) is void for vagueness, which *Beckles v. U.S.*, 137 S.Ct. 886 (2017) has settled, but rather that the Idaho statute is void for vagueness when analyzed as a crime of violence in this context.

The Government is engaging in the "insanity" that Justice Scalia wrote of in *Sykes v. U.S.*, 131 S.Ct. 2267, 2284 (2011) (dissenting opinion). Ultimately, he agreed and stated "[We] abandoned that lunatic practice in *Johnson* and see no reason to start it again." *Dimaya* at 1223. While this is not about application of the ACCA residual clause, it is the same argument in an enumerated analysis. The Government seeks to apply as an enumerated offense, a vague statute requiring conjecture about a crime that has a drastic implication on the number of years of incarceration for Mr. Bernal.  There has been no notice of such impact, no jury determination on facts, and just as Justice Scalia said "the closest analog" test is inadequate.  *Sykes* at 2285. This Court cannot concern itself with Mr. Bernal's conduct in the 2013 aggravated assault case. It can only look to the Judgment of Conviction admitted as Government's Exhibit A, which states the name and statute of the crime.  *See, generally, Taylor v. U.S.*, 110 S.Ct. 2143 (1990).

**DEFENDANT'S RESPONSE AND OBJECTION TO GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM - 3**

The Government is also seeking to violate Mr. Bernal's Eighth Amendment right by asking the court to weigh (or include) an invalid aggravating (enhancement) circumstance. An aggravating circumstance is invalid "if its description is so vague as to the leave the sentence without sufficient guidance for determining the presence or the absence of the factors". *Espinosa v. Florida,* 505 U.S. 1079 (1992). Idaho's aggravated assault statute that is the prior crime evaluated as an enhancing crime of violence for Mr. Bernal at §§ 18-901(a) and 18-905(b) is so vague as to "leave the sentence without sufficient guidance for determining the presence of the absence of the factors."

3.  **Idaho's Aggravated Assault Statute at §§ 18-901(a) and 18-905(b) is not a crime of violence and *Voisine* does not make it a crime of violence.**

The court employs a three-step categorial approach to determine whether a defendant's prior conviction satisfies the guidelines definition of crime of violence. *Blackeagle v. U.S.,* 2017 WL442774 (D. Idaho Feb. 1, 2017). First, comparison of the elements of the state offense to the elements in the guidelines definition of a crime of violence. Second, if the state statute criminalizes conduct broader than the criminalized conduct in the Guidelines, the court determines whether the over inclusive state statue is divisible or indivisible. Third, the court examines judicially noticeable documents to determine the elements of the statute the defendant violated and compares those elements to the general definition of a crime of violence.

Under step one, Idaho's aggravated assault statute is broader than the Guidelines. Under step two, Idaho's aggravated assault statute is divisible. *See Ward v. U.S.*, 217 WL2216394 (D. Idaho May 18, 2017). Under step three, the Judgment of Conviction admitted by the Government as Exhibit A, demonstrating Mr. Bernal's prior conviction, under Idaho Code §9-905(b) does not meet the definition of a crime of violence because it does not meet the generic definition under the

federal statute and *Voisine v. U.S.*, 1365 S.Ct. 2272 (2016) does not extend the crime of violence statute.

*Voisine* does not extend the definition of crime of violence to reckless conduct such that Ninth Circuit authority relying on *Leocal* to the contrary is no longer good law. The Government is wrong in its assertion. *Voisine* does not clarify *Leocal* nor does it extend reckless conduct to include crimes of violence. *See U.S. v. McCabe*, 2018 WL 1940325 (January 30, 2018) (The Ninth Circuit has acknowledged that there may be "tension" between the holding of *Voisine* and *Fernandez-Ruiz*….However, the effect of the holding in *Voisine* on Ninth Circuit precedent is not clear. *McCabe* at 3.

One case that is particularly on point is *U.S. v. Haines*, __ F.Supp.3d __ 2017 WL 5186386 (E.D. Penn. October 31, 2017). In *Haines*, the Government took the same position it is taking against Mr. Bernal and the underlying crime analyzed is aggravated assault. The district court disagreed with the Government and points out that *Voisine* is unique in context and warrants a different construction because the intent in § 922(g)(9) was to keep domestic abusers from owning guns by specifically capturing a category of state law offices, in contrast to § 4B1.2 of the Sentencing Guidelines which serve to capture people who are deemed career offenders, and not a recklessness offense.

Another on-point aggravated assault analysis is in *U.S. v. Wehunt*, in which the Eastern District of Tennessee refused to extend the *Voisine* use of force analysis to make aggravated assault, with a reckless *mens rea*, a crime of violence. *Wehunt* is helpful because the district court analyzed and distinguished the varying court opinions on the issue as of January 24, 2017. *Wehunt* pointed out that the two circuits who had extended *Voisine,* the 5th and 8th, would lead to a "comical

misfit" if "three past conviction or injuries that result from reckless plate throwing or reckless driving could be sufficient to earn a destination as an armed career criminal." *Wehunt* at 848.

The Northern District of California and District of Arizona refuse to deviate from pre-existing Ninth Circuit authority which held reckless is not sufficient under the ACCA and § 924(b) because *Voisine* limits its application to the misdemeanor domestic violence and the practical concerns cited in support of a broad reading of "use" are not applicable outside of that context. *Mutee v. U.S.*, 2017 WL923203 (D. Ariz. Mar.8, 2017); *U.S. v. Johnson*, 227 F.Supp.3d 1078, 1088-91 (N.D. Cal. 2016).

Other cases that have refused to extend *Voisine* include: *U.S. v. Windley,* 864 F.3d 36 (1st Cir. 2017) (rule of lenity means *Voisine* does not apply to ACCA force clause); *U.S. v. Campbell*, 224 F.Supp.3d (E.D. Ky. Jan. 24, 2017*); U.S. v. Brown*, 249 (F.Supp.3d 287 (D.D.C. April 12, 2017) (assault with a deadly weapon with intent to kill did not qualify as a predicate violent felony under an extension of *Voisine*); *Davis v. U.S.*, 262 F.Supp.3d 539 (E.D. Tenn. (April 17, 2017); *U.S. v. Butler*, 253 F.Supp.3d 133 (D.D.C May 25, 2017) (holding *U.S. v Sabetta*, 221 F.Supp.3d 201, 215-16 (D.R.I. 2016), does not extend *Voisine's* interpretation of the word "use".); *Broadbent v. U.S.*, 2016 WL 5922302 (D. Utah Oct. 11, 2016) (refused to extend *Voisine* in the context of the USSG to crime of violence); *Jaramillo v. U.S.*, 2016 WL 5947265 (D. Utah Oct. 12, 2016) (crimes committed recklessly are not crimes of violence under Section 4B1.2(a); *Bennett v. U.S.*, 2016 WL3676145 (D.ME. July 6, 2016); *U.S. v. Rodgriguez-Ruiz* , 2016 WL6902482 (W.D. Okla. Nov. 23, 2016); *Nelson v. U.S.*, 2017 WL 150242 (D.N.J. Jan 12, 2017) (refusing to extend *Voisine* because binding Third Circuit precedent held the opposite and the Supreme Court expressly limited *Voisine.)*

The issue is conclusively decided by *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121 (9th Cir. 2006) and no change in the law, including *Voisine* disturbing the Ninth Circuit position that negligent and reckless conduct is insufficient *mens rea* to establish a crime of violence.  This same position is supported in *U.S. v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016).

4. **Mr. Bernal's prior conviction for aggravated assault is not an enumerated crime of violence because it is not the same as the federal generic definition of aggravated assault.**

   The Idaho aggravated assault statue is not an enumerated crime of violence pursuant to U.S.S.G. § 4B1.2(a)(2) because the generic definition under federal law requires "extreme indifference to the value of human life" which is not at all like Idaho's broad statute that includes conduct much less culpable including simple assault.  Idaho Code §18-901(a) "An assault is: (a) an unlawful attempt, coupled with apparent ability, to commit a violent injury on the person of another; 18-905(b) an aggravated assault is an assault (b) by any means or force likely to produce great bodily harm…."

   To determine whether a defendant's prior conviction satisfies the general definition of a crime of violence, the state statue of conviction is compared to the generic definition of that crime. *U.S. v. Velasquez-Reyes*, 427 F.3d 1227 (9th Cir. 2005).  The federal generic definition of aggravated assault states requires "extreme indifference to the value of human life" and is not at all like Idaho's broader statute the includes conduct much less culpable including simple assault. The best illustration of the difference in the federal generic definition versus the statute is found in *U.S. v. Esparza Herrera*, 557 F.3d 1019 (9th Cir. 2009). The Government's claim that the definitions are equal or the same is in opposite to the precedent of *Esparza Herrera*.

**DEFENDANT'S RESPONSE AND OBJECTION TO GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM - 7**

4. **Conclusion**

The Government is seeking to break new ground by leading the court in the wrong direction. First, Mr. Bernal entered a plea expecting a sentence within the guideline range. The Government is swinging from a level 27 to a level 24 in an inconsistent manner and asked for a 120-month sentence.  If the Court seeks to impose such sentencing enhancements, Mr. Bernal seeks the remedy of withdrawal of his guilty plea. The two aggravated assault statutes that Mr. Bernal was convicted of are not crimes of violence and *Voisine* does not extend to his case.  Mr. Bernal asks that the Court follow the Pre-Sentence Report calculations and impose a reasonable sentence after hearing all mitigation evidence and arguments that have been submitted in writing and will be argued orally. The Court has before it letters of support, a Motion for Downward Departure, and a Mental Health Evaluation.  All of these arguments should be factored into a sentence that is just.

DATED This 29th day of May, 2018.

MASSOTH & BURROWS


By:    _____/s/_____

ELISA G. MASSOTH

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of May, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent a notice of electronic filing to all parties on the electronic mail notice list.  I emailed a copy of the sealed document to the following:

Frank Zebari, Special Assistant
U.S. Attorney's Office
800 Park Blvd., Ste. 600
Boise, ID  83712
frank.zebari@usdoj.gov

Katherine Horwitz, Assistant U.S. Attorney
U.S. Attorney's Office
800 Park Blvd., Ste. 600
Boise, ID  83712
katherine.horwitz@usdoj.gov


_____/s/_____
ELISA G. MASSOTH